Dawna J. Cilluffo [231219]
DC Law, Dawna J. Cilluffo, A Professional Corporation
2005 De La Cruz Boulevard, Suite 215
Santa Clara, California 95050
Tel: (408) 988-7946
Fax: (408) 988-7949
Email: dawna@dclawcorp.com

Attorney for Plaintiff,
United States of America for the use and benefit of
Corban Floor Coverings, Inc., a California corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of, CORBAN FLOOR COVERINGS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KIRLIN BUILDERS, LLC, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR BREACH OF CONTRACT AND ON MILLER ACT PAYMENT BOND |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff UNITED STATES OF AMERICA, for the use of, Plaintiff CORBAN FLOOR COVERINGS, INC., (hereinafter "CORBAN"), brings this action against defendants KIRLIN BUILDERS, LLC, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and DOES 1-20, inclusive, for compensatory and general damages, prejudgment interest, costs, attorney's fees, and other appropriate and just relief resulting from Defendants' actions, and as grounds therefor alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff UNITED STATES OF AMERICA is named as a nominal plaintiff for the use and benefit of Plaintiff Corban Floor Coverings, Inc., as required by 40 U.S.C. Section 3133(b)(3).

2. Plaintiff CORBAN FLOOR COVERINGS, INC., (hereinafter "CORBAN") is, and at all times herein mentioned was, a corporation organized and existing under the laws of California, with its principal place of business at 29233 Pacific Street, Hayward, California. Plaintiff is now, and was at all times relevant herein, a contractor licensed by the State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendant KIRLIN BUILDERS, LLC, a limited liability company organized and existing under the laws of Delaware (hereinafter "KB") is now and was at all times hereinafter stated, a contractor authorized to conduct and conducting business as a contractor in the State of California, for the project alleged herein at the times of each of the acts herein mentioned was performed, and acted as the general contractor for the project alleged herein. Plaintiff is further informed and believes that defendant KB was and is a Principal or obligor under a Payment Bond or Bonds issued by Chubb Surety, Federal Insurance Company or Liberty Mutual Insurance, bond number 82325817, and as more fully alleged, infra.

4. Plaintiff is informed and believes and thereon alleges that Defendant CHUBB SURETY, (hereinafter "CHUBB") was at all times in this complaint mentioned, and now is, a corporation or other fictitious legal entity, form unknown, duly organized and existing under and by virtue of the laws of the State of its incorporation and authorized to transact business as surety upon bonds or undertakings in the State of California. Plaintiff is further informed and believes that defendant CHUBB was a parent, affiliate, trade name or other legal entity, form unknown, associated with and liable, as a surety, under payment bonds issued by the Federal Insurance Company or Liberty Mutual Insurance as more fully alleged, infra.

5. Plaintiff is informed and thereon alleges that Defendant FEDERAL INSURANCE COMPANY, a corporation organized and existing under the laws of New Jersey

(hereinafter "FEDERAL"), was at all times alleged herein authorized by the State of California to conduct and conducting business as a surety upon bonds or undertakings in the State of California. Plaintiff is further informed and believes that defendant FEDERAL was and is the issuer of a payment bond for the project alleged herein to Defendant KB and was an obligor, as a surety, under such bond.

6. Plaintiff is informed and believes and thereon alleges that Defendant LIBERTY MUTUAL INSURANCE COMPANY, a corporation organized and existing under the laws of Massachusetts (hereinafter "LMIC"), was at all times alleged herein authorized by the State of California to conduct and conducting business as a surety upon bonds or undertakings in the State of California. Plaintiff is further informed and believes that defendant LMIC was and is the issuer of a payment bond for the project alleged herein to Defendants KB and was an obligor, as a surety, under such bond.

7. Plaintiff is ignorant of the true names of Defendants Does One to Twenty, inclusive, and has therefore sued them by the foregoing names which are fictitious names, and asks that when their true names are discovered this complaint may be amended by inserting their true names in lieu of said fictitious names, together with apt and proper words to charge them.

8. Prior to the filing of this action, Plaintiff gave proper notice of its demand for payment and of its demand upon the payment bond alleged herein to sureties and principals on such bond alleged herein as provided and required by law.

**JURISDICTION AND VENUE**

9. The claims and damages alleged hereinabove by Plaintiff lie within the subject matter jurisdiction of this court; further, the court may exercise personal jurisdiction over the parties; and, venue properly lies in this court pursuant to 40 U.S.C Section 3133, and 28 U.S.C. Sections 1331, 1332 and 1391. The contract for the project alleged herein was made, was last executed or was to be performed in substantial part in Alameda County, California.

**FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT**

**AGAINST DEFENDANT KB**

10. Plaintiff incorporates herein and realleges each of the preceding allegations, which are incorporated by reference as if fully set forth herein.

11. On or about May 20, 2016, pursuant to a written subcontract agreement, (the "Subcontract"), Plaintiff CORBAN contracted with Defendant KB to furnish and install flooring and stair treads for the Camp Parks Dining Facility- Building 332, located in Dublin, California (hereinafter, "the Project"), for the original contract price of $108,082, subject to change orders, additions, and deductions.  Plaintiff CORBAN is informed and believes that defendant KB's payment obligation was secured by a Payment Bond issued by Defendants CHUBB, FEDERAL and LMIC.

12. The reasonable value of the labor and materials furnished to the Project by CORBAN pursuant to the Subcontract and mutually executed change orders was $119,063 of which $119,063, remains due and owing.

13. The flooring system was installed by Plaintiff commencing on or about May 20, 2016 and completed on or about October 21, 2016. Plaintiff CORBAN's work was completed to the satisfaction of KB. Subsequently, Plaintiff CORBAN tendered its demand for payment in accordance with terms of the Subcontract.

14.  Plaintiff has performed all conditions, covenants and promises required by Plaintiff to be performed in accordance with the terms and conditions of the Subcontract and change orders thereto, except for any performance that was prevented or delayed by defendant KB, or its subcontractors or other parties whose actions are not imputed to nor for which Plaintiff may have any liability.

15. Plaintiff has demanded that Defendant KB pay for the materials and services provided to and installed on the Project. Defendant KB has failed and refused, and continues to fail and refuses, without just cause, to pay the adjusted subcontract price of $119,063 which is due and payable to Plaintiff.

16. As a result of Defendant's breach of the Subcontract, Plaintiff has been damaged in the amount of $119,063 plus, costs, attorney's fees and interest thereon in a sum according to proof.

## SECOND CLAIM FOR RELIEF: ON PAYMENT BOND
## AGAINST ALL DEFENDANTS

17. Plaintiff incorporates herein and realleges each of the preceding allegations, which are incorporated by reference as if fully set forth herein.

18. Before entering upon the construction of the project alleged herein and engaging in the performance of the work contracted to be done thereunder, and in accordance with the terms of said contract, Defendant KB, as Principal, and Defendants FEDERAL, CHUBB and LMIC, as sureties, duly made and executed a certain surety payment bond which said bond was made, issued and executed in accordance with the provisions of 40 U.S.C. Section 3131, et seq., which said bond so given and filed, referring to said contract above mentioned, provides that if the above bounded principal, contractor, person, company or corporation, or his or its subcontractor, fails to pay any of the persons furnishing labor, materials, or services, etc., for or about the performance of the work contracted to be done on the project alleged herein, or for any work or labor done thereon of any kind then said surety will pay the same in an amount not exceeding the sum specified in the bond, and will also pay in case suit is brought upon such bond such reasonable attorney's fees to be taxed as costs in said suit provided the parties' agreement so provides, as it does, and to be included in the judgment therein rendered.

19. Plaintiff CORBAN last furnished labor, services, materials, equipment, or supplies to the project in October of 2016, which is a date within one year immediately preceding the filing date of this complaint.

20. Although demand has been made, Defendants, FEDERAL, CHUBB, LMIC and KB have failed, neglected and refused to pay, under and pursuant to the terms and conditions of said surety bond as alleged herein the amount due Plaintiff for said labor and materials so furnished in the amount of $119,063.

21. As a result of Defendants' breach of their surety obligations, Plaintiff has been damaged in the sum of $119,063 plus costs, attorney's fees and interest thereon in a sum according to proof.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff CORBAN FLOOR COVERINGS, INC. prays that judgment be entered against Defendants, KIRLIN BUILDERS, LLC, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and DOES 1-20, inclusive, and each of them, jointly and severally, as follows:

1. That the amount due upon Plaintiff's claim for principal and interest be ascertained and adjudged;
2. For judgment against the Defendants KIRLIN BUILDERS, LLC, CHUBB SURETY, FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and DOES 1-20, inclusive, jointly and severally, in the sum of $119,063, together with interest thereon at the statutory rate of ten percent (10%) per annum from October 21, 2016 until paid;
3. For recovery under the Subcontract in a sum according to proof, together with interest thereon at the contractual rate of 1.5% per month, in a sum according to proof;
4. For Plaintiff's attorney's fees and costs incurred in this action;
5. For such other and further relief as the Court may deem proper.

DATED: July 20, 2017    DC LAW, Dawna J. Cilluffo, APC

By:    /s/ Dawna J. Cilluffo
       DAWNA J. CILLUFFO
Attorney for Plaintiff United States of America for the use and benefit of Corban Floor Coverings, Inc.